UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBYN COVINO,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>SPIRIT AIRLINES, INC.,<br><br>　　　　Defendant(s). | Case No.: 2:20-cv-01039-GMN-NJK<br><br>**Order**<br><br>[Docket No. 36] |

Pending before the Court is a stipulation to extend the discovery cutoff and subsequent deadlines by 90 days. Docket No. 36. The justification for the requested extension is that there is a pending motion for judgment on the pleadings. *See id.* at 2.[1] The parties wish to continue on with discovery only after receiving a ruling on that motion and any related subsequent events (such as potential amendment of the complaint). *See id.* The Court is not persuaded.

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The presumption is that discovery should proceed notwithstanding the pendency of such a motion, a presumption that is overcome only by a "strong showing" to the contrary. *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The fact that proceeding with discovery may involve inconvenience and expense is not sufficient to delay discovery. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013).

---

[1] On June 16, 2020, Defendant filed an answer rather than challenging the sufficiency of the pleadings through a motion to dismiss. Docket No. 7. Three months later, on September 22, 2020, Defendant filed a motion for judgment on the pleadings. Docket No. 19. A motion for judgment on the pleadings is the functional equivalent of a motion to dismiss for failure to state a claim, except as to the timing of its filing. *See, e.g.*, *in re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1083 (N.D. Cal. 2007).

A strong showing has not been made that delaying discovery in this case is justified by the pendency of the motion for judgment on the pleadings.  Indeed, although not acknowledged in the stipulation, the Court has already expressly rejected the contention that the pendency of the motion for judgment on the pleadings establishes good cause to extend discovery deadlines:

> To be clear, the Court does not find good cause based in particular on the pendency of the motion for judgment on the pleadings.  To the extent resolution of that motion and/or later amendment of the complaint warrants an extension of deadlines, a request may be filed at that time and will be evaluated based on the showing made.

Docket No. 34 at 1 n.1.  Consistent with its prior ruling, the Court declines to delay discovery in this case based on speculation as to whether resolution of the motion for judgment on the pleadings may be granted, lead to amendment of the complaint, or otherwise change the issues in the case.[2]  Discovery should instead proceed based on the claims raised in the complaint and the defenses raised in the answer.  To the extent the resolution of that motion or later amendment of the complaint warrants relief from the current deadlines, a request may be filed at that time and will be evaluated based on the showing made as to the actual circumstances that exist (rather than speculation as to what might happen).

Accordingly, the stipulation for extension is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: February 19, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The stipulation also states that an extension is warranted because the parties are meeting-and-conferring about a discovery dispute.  *See* Docket No. 36 at 2.  It appears that this is not a separate reason for the requested extension, however, as the stipulation later indicates that "the parties wish to avoid discovery motion practice, *until the Court rules on Spirit's motion [for judgment on the pleadings]*."  *Id.* (emphasis added).  Hence, this is simply another iteration of the same request to delay the discovery process pending resolution of the motion for judgment on the pleadings, and the Court is not persuaded for the same reasons as stated above.