# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROBYN COVINO,<br><br>    Plaintiff(s),<br><br>v.<br><br>SPIRIT AIRLINES, INC.,<br><br>    Defendant(s). | Case No.: 2:20-cv-01039-GMN-NJK<br><br>**Order**<br><br>[Docket No. 41] |

Pending before the Court is Defendant's motion to compel. Docket No. 41. The motion suffers from several defects and is **DENIED** without prejudice.

First, the oversized motion violates the local rules, which limit this type of motion to 24 pages. Local Rule 7-3(b).

Second, the Court is not convinced that a proper meet-and-confer was conducted. "Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that the rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow

1

and focus the matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[1]

Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *See, e.g.*, *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). The sheer volume of disputes presented can be a red flag that a sufficiently meaningful conferral effort did not occur. *Reno v. W. Cab Co.*, 2019 WL 8061214, at *2 (D. Nev. Sept. 23, 2019) (citing *King Tuna, Inc. v. Luen Thai Fishing Ventures, Ltd.*, 2010 WL 11515316, at *1 (C.D. Cal. Apr. 28, 2010)).

Defendant's motion here seeks relief with respect to 32 requests for production, 20 interrogatories, 36 requests for admission,[2] and initial disclosures. Although the motion is supported by a declaration attesting in bare terms that a telephonic meet-and-confer was conducted, Docket No. 41-1 at ¶ 13, the Court is not persuaded that a sufficiently meaningful effort was made to at least narrow and focus the issues in dispute.

Lastly, the argument presented in the motion is ill-developed as it consists largely of pages of cut-and-pasted discovery responses followed by a few sentences of conclusory argument. While it may ultimately be Plaintiff's burden of persuasion to defend against a motion to compel, the movant must still present meaningfully developed argument as to each particular discovery

---

[1] These requirements are now largely codified in the Court's local rules. *See* Local Rule 26-7(c), Local Rule IA 1-3(f).

[2] Defendant seeks relief with respect to the requests for admission as implicated through a request for production and interrogatory.

response in dispute. *U.S. Bank, N.A. v. N. Am. Title Ins. Co.*, 2019 WL 5788302, at *2 (D. Nev. Nov. 6, 2019).

Accordingly, Defendant's motion to compel is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: March 15, 2021

                                                                                           _____
Nancy J. Koppe
United States Magistrate Judge