# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBYN COVINO,

    Plaintiff(s),

v.

SPIRIT AIRLINES, INC.,

    Defendant(s).

Case No. 2:20-cv-01039-GMN-NJK

**Order**

[Docket No. 43]

Pending before the Court is Defendant's motion to compel discovery. Docket No. 43. Plaintiff filed a response in opposition. Docket No. 46.[1] Defendant filed a reply. Docket No. 48. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to compel is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

Plaintiff brings claims involving air travel. Plaintiff alleges that Spirit was not flying the friendly skies. To be more specific, Plaintiff wanted to be free to move about the country, but she alleges that she was denied boarding by Spirit. Allegedly denied the ability to sit back and enjoy her flight, Plaintiff brought suit for claims under the Air Carrier Access Act and for intentional infliction of emotional distress. The parties are now before the Court on a variety of discovery disputes presented in a motion to compel.

## II. STANDARDS

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). When an amicable resolution to a discovery dispute cannot be attained, however, a party seeking discovery

---

[1] As Plaintiff is proceeding without an attorney, the Court construes her filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

may move the Court to issue an order compelling that discovery. Fed. R. Civ. P. 37(a). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Discovery is limited to any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019). "[W]hile it may ultimately be the responding party's burden of persuasion to defend against a motion to compel, the movant must still present meaningfully developed argument as to each particular discovery response in dispute." *BASF Corp. v. Automall Auto Body, LLC*, 2021 WL 2306264, at *1 (D. Nev. May 12, 2021).

### III. ANALYSIS

Defendant's motion to compel addresses a number of discrete issues, some of which the Court will address in turn below.

#### A. Failure to Sign Interrogatory Responses

Defendant first seeks an order requiring Plaintiff to sign her interrogatory responses. Docket No. 43 at 5; *see also* Fed. R. Civ. P. 33(b)(5) (requiring signature on interrogatory responses). Plaintiff provided that signature after the motion was filed. *See* Docket No. 46 at 1; *see also* Docket No. 48 at 4. Accordingly, this aspect of the motion to compel is denied as moot.

#### B. Responses to Interrogatory Nos. 2 and 3

Defendant argues that Plaintiff's responses to Interrogatory Nos. 2 and 3 are improper because they do not break out the facts regarding each alleged incident. Docket No. 43 at 5-6. Plaintiff provides no response on this argument. The Court agrees with Defendant that the interrogatory responses are improper in that they do not separate out the facts by incident. Accordingly, this aspect of the motion to compel is granted and Plaintiff must provide supplemental interrogatory responses by August 13, 2021.

2

### C. Responses to Interrogatory Nos. 7, 8, 9, 10, 11, 18, and 19

Defendant argues that Plaintiff's responses to Interrogatory Nos 7, 8, 9, 10, 18, and 19 are improper because they omit treating information that is known to exist. Docket No. 43 at 6-10. In reply, Defendant further highlights deposition testimony that appears to show additional responsive information exists that was omitted from Plaintiff's responses. *See* Docket No. 48 at 2-4. Plaintiff resists the motion to compel based on unelaborated assertions that she has produced all information that she has in her possession and that further amplification of the facts can be obtained at her deposition. *See* Docket No. 1-2. Neither of Plaintiff's arguments is persuasive.

First, Plaintiff's contention that she has provided all information in her possession is unavailing. Plaintiff must conduct a search for relevant information and must answer interrogatories after a diligent search. *See, e.g.*, *F.D.I.C. v. Halpern*, 271 F.R.D. 191, 193-94 (D. Nev. 2010) ("A party cannot limit its interrogatory answers to matters within its own knowledge and ignore information immediately available to it or under its control"). When a dispute arises out of the completeness of a search undertaken, particularly when there is an absence of information that would have been expected to be included, the responding party must come forward with an explanation of the search conducted with sufficient specificity to allow the Court to determine whether a reasonable search was actually performed. *Cf. V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 366-67 (D. Nev. 2019). In light of these obligations, the Court agrees with Defendant that Plaintiff's responses to these interrogatories are insufficient. Plaintiff must provide supplemental interrogatory responses detailing the information being requested or providing a wholesome description of the search she conducted to find such information that she contends was not fruitful.

Second, Plaintiff's contention that the responsive information may be available at her deposition is unavailing. Parties are generally permitted to explore issues through different types of discovery and such discovery is impermissible only to the extent that it is unreasonably duplicative. *See Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Assoc.*, 316 F.R.D. 327, 333 (D. Nev. 2016). Courts do not generally find depositions and interrogatories to

3

be impermissibly duplicative of one another as they serve different functions. *See id.* at 333 n.4. Plaintiff has not provided persuasive argument to chart a different course here.

Accordingly, this aspect of the motion to compel is granted and Plaintiff must provide supplemental interrogatory responses by August 13, 2021.

D.   Responses to Interrogatory No. 14

Defendant argues that Plaintiff must provide her birth date and social security number, as sought in this interrogatory, for Medicare reporting purposes. Docket No. 43 at 9. This argument is not well-developed and it appears that the only case cited may be outdated. *See, e.g.*, *Ruiz v. Rhode Island*, 2020 U.S. Dist. Lexis 73448, at *8-10 (D.R.I. Apr. 27, 2020) (identifying subsequent legislation regarding need for a full social security number).[2] Particularly given the sensitive nature of the information sought and Defendant's failure to provide meaningful discussion, this aspect of the motion to compel is denied without prejudice. *Cf. BASF*, 2021 WL 2306264, at *1. To the extent Defendant continues to seek this information, it must provide a more robust showing as to why it is entitled to it.

E.   Response to Interrogatory No. 16

Defendant argues that Plaintiff must supplement her response to this interrogatory, specifically that Plaintiff must separate out damages she allegedly sustained by incident. *See* Docket No. 43 at 9-10. Defendant does not sufficiently develop this argument. Most notably, it is not clear that a mental or physical injury arising out of a series of incidents is readily separated by incident. Given the absence of meaningful discussion, this aspect of the motion to compel is denied without prejudice. *Cf. BASF*, 2021 WL 2306264, at *1.[3] To the extent Defendant continues to seek this information, it must provide a more robust showing as to why it is entitled to it.

---

[2] It would appear that this reporting requirement applies when there has been a settlement, but the papers do not seem to show any reasonable likelihood of a settlement in this case.

[3] Without citation to legal authority or meaningful discussion, Defendant also contends that the level of detail as to the damages claimed is not sufficient. *See* Docket No. 43 at 10. Particularly given Plaintiff's status as a *pro se* litigant and the lack of legal authority or meaningful argument, the Court is not persuaded.

4

### F. Response to Interrogatory No. 17

Defendant argues that Plaintiff failed to identify documents to support her damages claim, as required by this interrogatory. Docket No. 43 at 10. Plaintiff responds simply that she has produced her documents. *See* Docket No. 46 at 1. As discussed more fully above, Plaintiff must conduct a thorough search for documents and describe the search undertaken. To the extent she has no further documents, Plaintiff must so attest. Accordingly, this aspect of the motion to compel is granted and Plaintiff must provide supplemental interrogatory responses by August 13, 2021.

### G. Responses to Interrogatory Nos. 20, 22, and 23

Defendant argues that Plaintiff must provide income information as sought through these interrogatories. Docket No. 43 at 10-11. Plaintiff objected to these interrogatories on the basis that they were premature and that substantive responses would be provided prior to the close of discovery. *See id.* Discovery has now closed. *See* Docket No. 34. Accordingly, this aspect of the motion to compel is granted and Plaintiff must provide supplemental interrogatory responses by August 13, 2021.

### H. Response to Interrogatory No. 25

Defendant argues that Plaintiff must provide "all facts" supporting her denials of requests for admission, as sought through this interrogatory. Docket No. 43 at 11-12. Defendant explains, in turn, that Plaintiff's denials to the requests for admission incorporate her allegations that she has been injured from the alleged incidents. *See* Docket No. 43 at 11-12. Several courts have criticized the indiscriminate use of contention interrogatories, particularly those seeking every fact supporting a litigant's case. *See, e.g.*, *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) ("To require specifically 'each and every' fact and application of law to fact, however, would too often require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details. The burden to answer then outweighs the benefit to be gained"); *Tubbs v. Sacramento Cnty. Jail*, 2008 WL 863974, at *1 (E.D. Cal. Mar. 28, 2008) ("plaintiff is not required to present his entire case in discovery responses. 'Each and every fact' interrogatories pose problems for a responding party and a reviewing court. Parties are not tasked with laying out every jot and tittle of their evidentiary case

in response to interrogatories"). Such concerns are particularly pronounced with respect to broad contention interrogatories served on a *pro se* litigant. *See, e.g.*, *Montano v. Solomon*, 2010 WL 4137476, at *4 (E.D. Cal. Oct. 19, 2010).

Meaningfully developed argument has not been presented on this aspect of the motion to compel. Instead, Defendant represents that the denials of the requests for admission parallel Plaintiff's allegations in this case, which begs the question as to why the instant interrogatory is not already covered by the other interrogatories aimed specifically at Plaintiff's allegations. Moreover, this aspect of the motion to compel otherwise simply states that Defendant is entitled to a complete response. Such *ipse dixit* is not a substitute for actual argument.

Given the absence of meaningful discussion, this aspect of the motion to compel is denied without prejudice. *Cf. BASF*, 2021 WL 2306264, at *1. To the extent Defendant continues to seek this information, it must provide a more robust showing as to why it is entitled to it.

I. <u>Remaining Discovery Disputes</u>

The Court addresses above numerous of the parties' disputes as to Plaintiff's responses to interrogatories. The motion to compel also seeks relief as to Plaintiff's responses to 20 requests for production and Plaintiff's initial disclosures. *See* Docket No. 43 at 12-20. These disputes appear to involve to a significant degree issues that parallel those addressed above.[4] Moreover, these additional aspects of the motion to compel appear to include numerous instances in which meaningfully developed argument is not presented.

As the Court has already explained, "[d]iscovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Litigants should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). The filing of a motion to compel raising dozens of discovery disputes is a red flag that conferral efforts were not sufficient. *Reno v. W.*

---

[4] For example, the motion to compel seeks supplemental initial disclosures given Plaintiff's earlier refusal to provide information for a computation of damages related to alleged loss of income on the basis that the discovery period had not yet closed. *See* Docket No. 43 at 19-20. Such a dispute appears to hew closely to the ruling made in Section III.G.

*Cab Co.*, 2019 WL 8061214, at *2 (D. Nev. Sept. 23, 2019) (citing *King Tuna, Inc. v. Luen Thai Fishing Ventures, Ltd.*, 2010 WL 11515316, at *1 (C.D. Cal. Apr. 28, 2010)).

The Court declines to expend further of its scarce judicial resources on the remaining disputes raised in the motion to compel. The Court has provided guidance in ruling on the interrogatory-related disputes. Further rulings should not be required, as the parties must take the guidance provided and confer in good faith to resolve the remaining disputes.[5]

Accordingly, the remaining aspects of the motion to compel are denied without prejudice.

## IV. CONCLUSION

For the reasons discussed above, the motion to compel is **GRANTED** in part and **DENIED** in part.

IT IS SO ORDERED.

Dated: July 14, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[5] The Court raised concerns previously as to the potential failure to sufficiently confer and the failure to properly develop arguments. Docket No. 42 at 2-3. To the Court's chagrin, Defendant did not cure those deficiencies. The Court expects better in the future.

7