1

2

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

3

4

5

6

7

8

| ROBYN COVINO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:20-cv-01039-GMN-NJK |
| vs. | ) | |
| | ) | **ORDER** |
| SPIRIT AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

9

10          Pending before the Court is Defendant Spirit Airlines, Inc.'s ("Defendant's") Motion for

11 Judgment on the Pleadings, (ECF No. 19).  Plaintiff Robyn Covino ("Plaintiff") filed a

12 Response, (ECF No. 23), to which Defendant filed a Reply, (ECF No. 24).  For the reasons

13 discussed below, the Court **GRANTS** Defendant's Motion for Judgment on the Pleadings.

14 **I.     BACKGROUND**

15          This case concerns Defendant's alleged discriminatory and tortious conduct against

16 Plaintiff while she was a passenger on Spirit Airlines. (*See generally* Compl., Ex. A to Pet.

17 Removal, ECF No. 1-1).  Plaintiff suffers from an extremely rare blood disorder called

18 porphyria, which causes internal neurological anxiety. (*Id*. 1:10–11).  Due to this rare disorder

19 and its side effects, Plaintiff must take prescribed medicine while flying. (*Id*.).

20          Plaintiff cites a series of incidents in which Defendant's employees purportedly

21 mistreated her because of her medical condition. (*Id*. at 1–2).  On one occasion, Plaintiff alleges

22 that staff refused to let Plaintiff fly because of her condition and booked her on another flight

23 the following night. (*Id*. 1:14–17).  In another instance, Spirit Airlines staff allegedly woke up

24 Plaintiff who had fallen asleep from her medication and forced her to deboard. (*Id*. 1:18–28).

25 On December 23, 2019, Plaintiff alleges that Defendants again refused to let Plaintiff board.

1   (*Id*. 2:11–20).  Plaintiff alleges that she was not loud, troublesome, or out of line in any way.

2   (*Id*.).  Plaintiff subsequently purchased a ticket from American Airlines, who allowed her to

3   board her flight. (*Id*.).  Plaintiff alleges that on four other occasions, the same scenario occurred

4   in which Defendant refused to let Plaintiff fly and rebooked her on a flight the following day.

5   (*Id*. 2:1–5).

6       On May 5, 2020, Plaintiff filed a Complaint. (*See generally* Compl., Ex. A to Pet.

7   Removal, ECF No. 1-1).  In light of the fact that Plaintiff is proceeding *pro se* in this litigation,

8   the Court attempts to liberally construe Plaintiff's pleadings.  Plaintiff's Complaint appears to

9   allege the following causes of action: (1) discrimination on the basis of disability in violation of

10  the Americans with Disabilities Act ("ADA"); (2) discrimination on the basis of disability in

11  violation of the Air Carrier Access Act ("ACAA"); and (3) intentional infliction of emotional

12  distress. (*Id*. at 1–5).  Plaintiff accordingly seeks compensatory damages, general damages, and

13  past and future pain and suffering. (*Id*. at 5).  On September 22, 2020, Defendant then filed the

14  instant Motion for Judgment on the Pleadings, (ECF No. 19).

15  **II.     LEGAL STANDARD**

16      "After the pleadings are closed—but early enough not to delay trial—a party may move

17  for judgment on the pleadings." Fed. R. Civ. P. 12(c).  "[J]udgment on the pleadings is proper

18  'when, taking all the allegations in the non-moving party's pleadings as true, the moving party

19  is entitled to judgment as a matter of law.'" *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114

20  (9th Cir. 2007) (citation omitted).

21      Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure

22  12(c) are "functionally identical" to motions to dismiss for failure to state a claim under Federal

23  Rule of Civil Procedure 12(b)(6). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th

24  Cir. 1989).  Moreover, when reviewing a motion for judgment on the pleadings pursuant to

25  Rule 12(c), a court "must accept all factual allegations in the complaint as true and construe

1    them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922,

2    925 (9th Cir. 2009).  The allegations of the nonmoving party must be accepted as true while

3    any allegations made by the moving party that have been denied or contradicted are assumed to

4    be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).

5    **III.    DISCUSSION**

6        Defendant moves for judgment on Plaintiff's claims, arguing that Plaintiff's

7    discrimination claim fails as a matter of law because the ACAA does not provide a private

8    cause of action. (Mot. for J. on the Pleadings 8:1–11:5, ECF No. 19).  Additionally, Defendant

9    asserts that the ACAA preempts Plaintiff's state claim for intentional infliction of emotional

10   distress.  (*Id.* 11:6–15:20).  Plaintiff, in response, argues that her claims survive the Motion for

11   Judgment on the Pleadings. (*See generally* Pl.'s Resp. to Mot. for J. on the Pleadings, ECF No.

12   23).  The Court first addresses Plaintiff's discrimination claim.

13       **A. Discrimination Based on Disability**

14       Plaintiff alleges that Defendant discriminated against her based on her disability, in

15   violation of the ADA and ACAA. (Compl. at 3–4).  The ACAA expressly prohibits any air

16   carrier from discriminating against an individual who has a "physical or mental impairment that

17   substantially limits one or more major life activities." *See* 49 U.S.C.S. § 41705.  The ACAA,

18   however, does not provide a private right of action. *Segalman v. Sw. Airlines Co.*, 895 F.3d

19   1219, 1228 (9th Cir. 2018).  Here, Plaintiff solely seeks a private cause of action pursuant to the

20   ACAA, alleging that Defendant unlawfully discriminated against her on the basis of her

21   disability. (Compl. at 4) (stating that "the Air Carrier Access Act . . . prohibits air carriers from

22   'discriminating against disabled individual'").  Plaintiff's discrimination claim fails as a matter

23   of law.

24       Plaintiff incorrectly relies on decisions from the Fifth and Eighth Circuits, which have

25   held that the ACAA creates an implied private cause of action. (Compl. at 3).  The Ninth

1  Circuit's decision in *Segalman*, however, explicitly disagreed with the Fifth and Eighth

2  Circuits. *See Segalman.*, 895 F.3d at 1228 (noting that "[w]ithin five years of the ACAA's

3  enactment, the Fifth and Eighth Circuits held that, under *Cort*, the ACAA creates an implied

4  private cause of action;" however, ultimately finding that the ACAA does not imply a private

5  cause of action).  Because the Court is bound by Ninth Circuit precedent, the Court finds that

6  Plaintiff's claim of discrimination under the ACAA fails as a matter of law.[1]

7  ## B.  Intentional Infliction of Emotional Distress

8  Plaintiff also alleges an intentional infliction of emotional distress ("IIED") claim.

9  (Compl. at 4).  Specifically, she claims that Defendant intentionally caused her emotional and

10  physical injury when Defendant's employees discriminated against her on the flight. (*Id.*).

11  Defendant, in response, argues that Plaintiff's IIED claim is preempted by the ACAA. (Mot. for

12  J. on the Pleadings 11:7–13:3).

13  "To determine whether a particular state law claim is preempted, the court determines

14  whether the Federal Aviation Administration has issued 'pervasive regulations' in that area."

15  *Edick v. Allegiant Air, LLC*, No. 2:11-CV-259 JCM (GWF), 2012 U.S. Dist. LEXIS 58924, at

16  *5 (D. Nev. Apr. 27, 2012) (citing *Martin v. Midwest Exp. Holdings, Inc.*, 555 F.3d 806, 811

17  (9th Cir. 2009). "Claims regarding airspace management, pilot qualifications and failure to

18  warn have been declared preempted." *Martin*, 555 F.3d at 809.  "In areas without pervasive

19  regulations or other grounds for preemption, the state standard of care remains applicable."

20  *Martin,* 555 F.3d at 811.  Multiple courts have interpreted the ACAA to preempt certain state

21  law claims. *See, e.g., Johnson v. Nw. Airlines, Inc.*, No. C 08-02272 VRW, 2010 U.S. Dist.

22  LEXIS 139808, at *18 (N.D. Cal. May 5, 2010) (finding that the ACAA preempts state-law

23

24

25

[1] Plaintiff also alleges a disability discrimination claim under the ADA.  As an aircraft operator, Defendant is not subject to the ADA. *See* 42 U.S.C. § 12181(10) (definition of "specified public transportation" for purposes of Title III of the ADA does not include airlines).  Accordingly, the Court also denies Plaintiff's claim for disability under the ADA.

1    negligence claims); *Martin v. Midwest Express Holdings, Inc.*, 555 F.3d 806, 810 (9th Cir.

2    2009) (finding that the FAA preempts a failure to warn claim under state law).

3         Specifically, in *Compass Airlines, LLC v. Mont. Dep't of Labor & Indus.*, the District

4    Court of Montana held that the ACAA preempted the plaintiff's intentional infliction of

5    emotional distress and negligent infliction of emotional distress claims. *Compass Airlines, LLC*

6    *v. Mont. Dep't of Labor & Indus.*, No. CV 12-105-H-CCL, 2013 U.S. Dist. LEXIS 113479, at

7    *29 (D. Mont. Aug. 12, 2013).  Though the Ninth Circuit in *Gilstrap* found that the ACAA did

8    not preempt the plaintiff's IIED claim, the District of Montana in *Compass Airlines, LLC*

9    clarified that "the *Gilstrap* decision found that the ACAA regulations were not a critical

10   element of Gilstrap's emotional distress claims, which were based on behavior such as ground

11   crew yelling at the plaintiff for not standing in line as they told her to do." *Id*. (citing *Gilstrap*,

12   709 F.3d at 1009).  "Any state claims of infliction of emotional distress are not separate from

13   but intertwined with the preempted claims and would therefore require a trial of the alleged

14   violations of the ACAA regulations themselves." *Id*.  Because the state claims were factually

15   predicated upon the federal regulatory violations, the District of Montana held that the ACAA

16   preempted the plaintiff's infliction of emotional distress claims. *Id*. at 35.

17        Likewise, Plaintiff's IIED claim is inextricably intertwined with the alleged ACAA

18   violation.  Plaintiff herself states, in her Complaint, that Defendant "denied [Plaintiff] to board

19   her flight.  The more anxious [Plaintiff] got the more malicious and directly abusing their

20   authority to upset passenger to the point of shaking and tears." (Compl. at 1:1–8).  On one

21   specific occasion when Defendant made Plaintiff deboard, Plaintiff alleges that she was

22   "mortified and confused" and started "to shake and sob at this clear malicious abuse of power."

23   (Id. 1:22–28).  Plaintiff's infliction of emotional distress claim thus arises out of the same facts

24   that predicate the federal regulatory violation under the ACAA.  Plaintiff's IIED claim is

25   accordingly preempted by the ACAA and thus, dismissed.

1      Lastly, the Court denies leave to amend.  While Federal Rule of Civil Procedure 15(a)(2)

2 counsels that courts should "freely" give leave to amend, a court need not do so when

3 amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Because

4 Plaintiff's claims fail as a matter of law, the Court finds that amendment would be futile.  For

5 the foregoing reasons, the Court grants Defendant's Motion for Judgment on the Pleadings.

**IV.    CONCLUSION**

      **IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings,

(ECF No. 19), is **GRANTED**.

      **DATED** this __17__ day of September, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT